IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. **3:08-CR-51-L** |
| | § | |
| JAMES McDANIEL | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Judgment of Acquittal, filed June 15, 2009.  After careful review of the motion, response, record, and applicable law, the court **denies**  Defendant's Motion for Judgment of Acquittal.

## I.  Background

On June 5, 2009, a jury convicted Defendant James McDaniel ("McDaniel") of Counts One through Five of the Superseding Indictment ("Indictment"), which was filed on September 23, 2008. Count One charged McDaniel with maintaining a drug-involved premises, a violation 21 U.S.C. §§ 856(a)(2) and (b); Count Two charged McDaniel with possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A); Count Three charged McDaniel with possession with intent to distribute and distribution of a controlled substance, a violation of 21 U.S.C. §§ 841(a)(1) and b(1)(c); Count Four charged McDaniel with possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(C)(i); and Count Five charged McDaniel with possession with intent to distribute and distribution of a controlled substance resulting in death, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

At the close of the government's case, McDaniel moved for a judgment of acquittal as to all five counts.  The court denied the motion.  By this postverdict motion, McDaniel renews his motion

**Memorandum Opinion and Order - Page 1**

for a judgment of acquittal with respect to Counts Two and Four of the Indictment.  McDaniel contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt regarding these two counts.  The government disagrees and contends that the evidence was sufficient for a reasonable jury to conclude that the two counts had been proved beyond a reasonable doubt. The court agrees.

## II.    Rule 29(a) Standard

Rule 29(a) of the Federal Rules of Criminal Procedure provides that after the government closes its evidence or after the close of all the evidence, on a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  In determining whether there is sufficient evidence to support a conviction, the court must determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt.  In so doing, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict."  *United States v. Valles*, 484 F.3d 745, 752 (5th Cir.), *cert. denied*, 551 U.S. 1155 (2007).

## III.    Analysis

### A.    Applicable Law

Possession of a firearm in furtherance of a drug trafficking offense means that possession of the firearm "furthers, advances, or helps forward that offense."  *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir. 2000).  With respect to this standard and section 924(c), the Fifth Circuit has provided guidance to district courts:

> Some factors that would help determine whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense *might include*: the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon,

**Memorandum Opinion and Order - Page 2**

> whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 414-15 (emphasis added). This list is not exhaustive, and the court knows of no authority that requires all eight, or even a majority, to be present to obtain a conviction under section 924(c). While these factors are important, the ultimate determination will often depend on the totality of the circumstances. For example, in some cases as few as four of the factors listed in *Ceballos-Torres,* along with other evidence that sheds light on the circumstances surrounding the possession of a firearm, could be sufficient to establish proof beyond a reasonable doubt.

### B.    Count Two

Count Two of the Indictment runs parallel to Count One and will be discussed in that context. The time frame relates to the period of time that McDaniel resided at the Mockingbird Station Lofts, 5331 East Mockingbird Lane, Apartment #242, Dallas, Texas.

Evidence at trial established that six firearms were recovered at Linda McDaniel and James McDaniel's residence at 4823 Derby Lane, and a seventh firearm, a .410 shotgun, was recovered at the duplex McDaniel leased at 5458 Winton Street. The government is correct that no statute or case authority requires the firearms to be produced in court to obtain a conviction under section 924(c). Since the government was aware that such production was not required, the court in retrospect finds it disingenuous on the part of the government to produce seven firearms in court that no civilian witness could testify as having seen at the Mockingbird Station or the Winton Street location.[*] Had

---

[*]Likewise, the court finds it disingenuous for the government to argue that McDaniel could not have legally possessed the firearms. Because McDaniel was a convicted felon, Count Six, which charged him with the offense of felon in possession of a firearm, was severed, and the jury heard no evidence regarding this charge or McDaniel's prior conviction for murder. As the evidence was excluded, the jury as the trier of fact could not consider whether McDaniel legally possessed the firearms.

**Memorandum Opinion and Order - Page 3**

the court known in advance that the witnesses could not identify the firearms, it, in all probability, would have excluded all firearms as exhibits, except for the .410 shotgun found at the Winton Street address.  No evidence existed that McDaniel conducted any drug activity at the Derby Lane address, and the government did not show that any of the six guns found at the Derby Lane address were the guns that witnesses saw at the Mockingbird or Winton location.

With respect to Count Two, the court finds that the testimony of Beau Brunk was sufficient to convict McDaniel of possession of a firearm in furtherance of a drug trafficking crime while he operated and maintained a drug-involved premises at the Mockingbird Station apartment.  Brunk testified that he went inside the apartment three or four times during a four or five-month period beginning in January 2006.  He testified that he bought cocaine from McDaniel on several occasions, and on one occasion he saw two firearms — a small handgun and a larger, semiautomatic handgun with a black handle grip and silver slide.  Brunk further testified that the guns were in a desk drawer, that drugs were on top of the desk, that McDaniel pulled the magazine from the larger firearm and handed it to him to examine, that no bullets were in the chamber but were in the magazine.

Based on the illegal drug activity taking place at McDaniel's apartment at Mockingbird Station, the testimony of Brunk regarding the larger, semiautomatic handgun and the location of the drugs, and the *Ceballos-Torres* factors, the court has no pause in concluding that a reasonable jury could have found beyond a reasonable doubt that McDaniel possessed the larger firearm in furtherance of a drug trafficking offense.

### C.    Count Four

Count Four of the Indictment runs parallel to Count Three and will be discussed in that context.  The time period for this count runs from November 13, 2006, to May 17, 2007.  The firearm referenced in Count Four is a shotgun, and the court finds that the testimony of Gabrielle Gibson, in conjunction with evidence regarding the illegal drug activity taking place at the Winton Street address, was sufficient to convict McDaniel of Count Four.

Gibson worked for McDaniel for several months at the Winton Street location, and she worked at least four times per week.  She stopped working for McDaniel about a week before Meaghan Bosch was reported missing in May 2007.  Her duties included answering the door to let people in, serving drinks and snacks to persons playing poker at McDaniel's residence, providing back and shoulder massages, and cleaning up the house after the poker games.

Gibson testified that after working for McDaniel for a while, she learned that he sold drugs out of his "office."  She testified that the closet in his "office" had cocaine, methamphetamine, and pills in it constantly.  She also testified that persons constantly trafficked in and out of his "office" to buy drugs.  With respect to answering the door of the residence, Gibson could not let anyone in whom she did not recognize.  If she did not recognize a person at the door, she was to get someone who could identify the person.

Gibson testified that while she worked for McDaniel he kept a shotgun in the closet in his "office" where the drugs were also kept.  As part of her job duties, Gibson frequently went into the closet to get poker chips, and she saw a shotgun in the closet.  On one occasion when Gibson was cleaning up the closet, she moved the shotgun toward the back of the closet behind "something."  McDaniel told Gibson that nothing was to be placed in front of the shotgun, and he instructed her

to move the shotgun so that it would be in front of the other things in the closet and unobstructed. According to Gibson, McDaniel wanted the shotgun in the front part of the closet and unobstructed because he wanted quick and easy access to it. Finally, with respect to whether the shotgun contained any shells, Gibson testified that she was "pretty sure they were in the gun," but she never saw them.

In light of the evidence regarding the drug activity taking place at McDaniel's Winton Street address, Gibson's testimony, and the *Ceballos-Torres* factors, this court concludes that a reasonable jury could have found that the evidence established beyond a reasonable doubt that McDaniel's possession of the shotgun was in furtherance of his illegal drug activity. That Gibson could not positively state whether the shotgun was loaded is of no moment. From the record, it is clear that McDaniel wanted easy and quick access to the shotgun if the need arose. Because of the illegal drug activity taking place, McDaniel's involvement in the activity, and his admonishment and instructions to Gibson regarding the shotgun, having an *unloaded* shotgun would serve no purpose and make no sense. Under these circumstances, a jury could reasonably infer that the shotgun was kept loaded to further, advance or help forward McDaniel's illegal drug activity.

## IV.   <u>Conclusion</u>

For the reasons herein stated, the court concludes that a reasonable jury could have found that the evidence established beyond a reasonable doubt that McDaniel committed the offenses as alleged in Counts Two and Four of the Indictment, namely, possession of a firearm in furtherance of a drug trafficking crime. Accordingly, the court **denies** Defendant's Motion for Judgment of Acquittal.

**Memorandum Opinion and Order - Page 6**

**It is so ordered** this 23rd day of September, 2009.


Sam A. Lindsay
United States District Judge